# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEVEN SCOTT,<br><br>             Plaintiff,<br>   v.<br><br>DEBRA MAHLMEISTER; SGT. EPERJESI;<br>OFFICER EFAW;<br><br>             Defendants. | C.A. No. 06-34 Erie<br>District Judge McLaughlin |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., J.

      This matter is before the Court upon Plaintiff Steven Scott's ("Scott") motion for new trial pursuant to Fed. R. Civ. Pro. 59 (a)(1), (b), (d), and (e). Plaintiff, an inmate in the State Correctional Institute at Forest, originally filed this action pursuant to 42 U.S.C. § 1983 against several individuals employed by the Pennsylvania Department of Corrections alleging deliberate indifference in their failure to have protected him from an assault by a fellow inmate. Following a two-day jury trial conducted on October 2 and 3, 2007, the jury found in favor of the Plaintiff on liability but found that he had not sustained any damages. (See Verdict Slip, Dkt. #55) In the instant motion, Plaintiff seeks a new trial solely on the issue of damages.

      Rule 59(a)(1) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues" to "any party." Fed. R. Civ. Pro. 59(a)(1). Rule 59(b) states that "[a] motion for a new trial must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. Pro. 59(b). Similarly, Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than

10 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e).[1] In calculating the 10 day period, Rule 6 of the Federal Rules of Civil Procedure provides that the day of the event (here, the entry of judgment) is to be excluded, but the last day of the period is included. Fed. R. Civ. Pro. 6(a)(3). Where the applicable period is less than 11 days, as here, weekends and legal holidays are also excluded. Fed. R. Civ. Pro. 6(a)(2). At the conclusion of Plaintiffs' trial, this Court entered judgment on October 3, 2007. (See Dkt. #58). Applying the provisions of Rule 6, the 10 day period within which Plaintiff could file a timely Rule 59 motion ran until October 18, 2007.

When, as here, the movant is a *pro se* prisoner, filings are "deemed filed at the moment he deliever[ed] [them] to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3rd Cir. 1998). Here, Plaintiff's Rule 59 motion was postmarked November 1, 2007, and docketed on November 6, 2007. (See Dkt. ## 61-62). As such, Plaintiff's Rule 59 motion was clearly filed outside of the mandatory 10 day period.

Plaintiff contends that he attempted to file a motion for an extension of time to file his Rule 59 motion on October 4, 2007. (See Plaintiff's Motion for New Trial, Dkt. #61). This motion does not appear on the docket. Moreover, even if Plaintiff had properly docketed such a motion, this Court lacked the discretion to grant it. Rule 59 does not contain any provision allowing for extensions of the mandatory 10 day time limitation, and the Third Circuit has determined that this time period is "jurisdictional" and "cannot be extended in the discretion of the district court." Smith v. Evans, 853 F.2d 155, 157 (3rd Cir. 1988) (quoting de la Fuente v. Central Electric Cooperative, Inc., 703 F.2d 63, 65 (3rd Cir.1983) ((quoting Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir.1980)))); see also Weitz v. Lovelace Health System, Inc., 214 F.3d 1175, 1178 (10th Cir. 2000).

Accordingly, on this 22nd Day of August, 2008;

---

[1] Plaintiff's motion also requests relief under Rule 59(d) which relates to situations where the Court can order a new trial on its own initiative or for reasons not contained in the moving party's motion. As the Court has not *sua sponte* ordered a new trial in this matter, Rule 59(d) is inapplicable here.

IT IS HEREBY ORDERED that the Plaintiff's Motion for New Trial as to Damages pursuant to Rule 59 (Dkt. #61) is DENIED.

/s/ Sean J. McLaughlin
SEAN J. McLAUGHLIN
United States District Judge

cc: Susan Paradise Baxter
U.S. Magistrate Judge

all parties of record \_\_\_\_\_