IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SCOTT, | ) |
| Plaintiff, | ) Civil No. 06-34 Erie |
| v. | ) |
| | ) Judge Sean J. McLaughlin |
| DEBRA MAHLMEISTER, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Plaintiff Steven Scott's Motion for Return of Costs/Fees Pursuant to Rule 54 of the Federal Rules of Civil Procedure. In his motion, Scott contends that he was the prevailing party in the above-captioned civil action and, as such, he is entitled to reimbursement of his $350.00 filing fee.

On February 13, 2006, Scott, a *pro se* prisoner, filed the instant action pursuant to 42 U.S.C. § 1983 against several Department of Corrections officials alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. A two-day jury trial on Scott's claims was conducted on October 2 and 3, 2007, addressing Scott's claim that defendants had failed to protect him from attack by another inmate in violation of the Eighth Amendment. On October 3, 2007, the jury returned a verdict in Scott's favor with respect to one of three defendants, Debra Mahlmeister, but awarded no damages. (See Docket #55). The jury found in favor of the other two defendants. Judgment was entered on October 3, 2007, with no costs taxed against any party. (See Docket #58).

On October 26, 2007, Scott filed a notice of appeal with the Third Circuit Court of Appeals. (See Docket # 60). On March 18, 2009, the Third Circuit dismissed Scott's appeal and affirmed the October 3, 2007 judgment. (See Docket ## 79, 81).

In the instant motion, Scott seeks the return of his $350.00 filing fee pursuant to Fed. R. Civ. P. 54 which provides:

> **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). The decision whether to award costs is within the discretion of the district court. See In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 458 (3rd Cir. 2000). It is similarly within the discretion of the district court to determine whether to consider an untimely objection to the clerk's taxation of costs. Id. at 459.

The Third Circuit has held that Rule 54(d)(1) contains no jurisdictional time limitation. See Paoli R.R. Yard PCB Litigation, 221 F.3d at 459 ("Rule 54(d)(1)'s . . . limitations period is not jurisdictional, and courts may, in their discretion, consider untimely objections."). However, this district's Local Rule 54(B)(2) provides the following guidance:

> While there is no strict deadline for filing a bill of costs with the Court, a bill of costs must be filed within a reasonable period of time, which should be no later than 45 days after a final judgment is entered by the District Court.

Here, Scott waited almost four years following the Clerk of Court's failure to tax costs, and over two years since the Third Circuit rejected his appeal, before filing a motion seeking return of his filing fee. In the intervening time, twenty-nine separate partial payments of the filing fee have been withdrawn from Scott's inmate account, providing Scott with abundant notice that he had been charged with paying his own filing fee. Scott has provided no explanation or justification for this extraordinary delay. Under such circumstances, a district court is not obligated to review the taxation of costs. See Paoli R.R. Yard PCB Litigation, 221 F.3d at 459 ("If a party fails to file a timely objection

to the clerk's taxation of costs, any objection is waived, and the district court *is not obliged* to review the taxation of costs.") (citing 10 Moore's Federal Practice § 54.103, at 54-174 to 54-197 (3d ed.1999)) (emphasis in original).

      For the foregoing reasons, I conclude that Scott's delay of approximately 4 years before applying for costs to be taxed against defendants is unreasonable and, as such, his motion for return of his filing fee is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SCOTT, )<br>)<br>Plaintiff, )<br>)<br>vi. )<br>)<br>DEBRA MAHLMEISTER, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Civil No. 06-34 Erie<br><br>Judge Sean J. McLaughlin |

## ORDER

AND NOW, this 12th day of October, 2011, for the reasons set forth above, it is hereby ORDERED that Petitioner's Motion for Return of Costs/Fees is DENIED.

/s/ - Sean J. McLaughlin
United States District Judge

cm: All parties of record.